IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Mauricio E. Weber, </br>a/k/a Esteban M. Weber, </br> </br>    Plaintiff, </br> </br>v. </br> </br>Arlette Jones, Captain; FNU Ham, Captain; </br>Garry L. Bryant, Major; FNU Hankins, </br>Lieutenant; FNU Collins, Lieutenant, </br> </br>    Defendants. | Case No. 8:12-cv-02922-GRA-JDA </br> </br> </br> </br> </br>**REPORT AND RECOMMENDATION </br>OF MAGISTRATE JUDGE** |

This matter is before the Court on a motion to dismiss or, alternatively, a motion for extension of time filed by Defendants. [Doc. 17.] Plaintiff, proceeding pro se, brought this action under 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial proceedings in prisoner petitions for relief under 42 U.S.C. § 1983 and to submit findings and recommendations to the District Court.

## BACKGROUND

Plaintiff brought this action on October 11, 2012 generally alleging due process violations and deliberate indifference and discrimination claims. [Doc. 1.] On October 18, 2012, the Court granted Plaintiff's motion to proceed *in forma pauperis* and authorized the Clerk of Court to issue the summonses and forward the summonses and Complaint to the United States Marshal for service of process. [Docs. 11, 12.] On November 30, 2012, executed summonses were entered on the docket, reflecting the United States Marshals

Service ("the USMS") executed service on all five Defendants on November 19, 2012. [Doc. 16.]

On December 19, 2012, Defendants filed a motion to dismiss pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure or, alternatively, a motion for an extension of time to answer or otherwise respond pursuant to Rule 6(b)(1)(B). [Doc. 17.] Defendants contend (1) service was improper because service was not made in accordance with the Federal or South Carolina Rules of Civil Procedure and (2) if the Court finds service was proper, the Court should extend the time for Defendants to answer. [Doc. 17-1.]

## APPLICABLE LAW

**Liberal Construction of Pro Se Complaint**

Plaintiff brought this action pro se, which requires the Court to liberally construe his pleadings. *Estelle*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Pro se pleadings are held to a less stringent standard than those drafted by attorneys. *Haines*, 404 U.S. at 520. Even under this less stringent standard, however, a pro se complaint is still subject to summary dismissal. *Id.* at 520–21. The mandated liberal construction means that only if the court can reasonably read the pleadings to state a valid claim on which the complainant could prevail, it should do so. *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999). A court may not construct the complainant's legal arguments for him. *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993). Nor should a court "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**Motions to Dismiss Standard**

Under Rule 12(b) (5) of the Federal Rules of Civil Procedure, a defendant can move to dismiss a complaint where service of process failed to comply with the requirements of Rule 4 of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 12(b)(5). Rule 4(e) governs the service of process upon individuals in the United States and provides that service may be accomplished by either (1) delivering a copy of the summons and complaint to the defendant personally, (2) leaving a copy of the summons and complaint with a person of suitable age and discretion then residing at the defendant's home or usual place of abode, or (3) delivering a copy of the summons and complaint to an agent authorized by appointment or by law to receive service of process. Fed. R. Civ. P. 4(e)(2). Rule 4(e) also provides that service of process may be accomplished pursuant to the law of the state in which the district court sits, Fed. R. Civ. P. 4(e)(1); under South Carolina law, service may be accomplished as outlined above for Federal Rule 4(e)(2) or by certified mail, S.C.R. Civ. P. 4(d). Noncompliance with Rule 4 of the Federal Rules of Civil Procedure does not mandate dismissal where the necessary parties have received actual notice of a suit and where they have not been prejudiced by the technical defect in service. *See Karlsson v. Rabinowitz*, 318 F.2d 666, 668–69 (4th Cir. 1963) (upholding service upon the defendant's wife at a home to which the defendant never intended to return).

**Service of Process in IFP Cases**

In a case in which the district court permits the plaintiff to file *in forma pauperis* ("IFP"), the district court must direct the USMS to effectuate service of process. 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3); *see Robinson v. Clipse*, 602 F.3d 605, 608 (4th Cir.

2010) ("*In forma pauperis* plaintiffs must rely on the district court and the U.S. Marshals Service to effect service of process according to 28 U.S.C. § 1915."). However, the plaintiff must provide sufficient information to locate the defendant with "reasonable effort." *Richardson v. Johnson*, 598 F.3d 734, 738–40 (11th Cir. 2010); *see also Graham v. Satkoski*, 51 F.3d 710, 713 (7th Cir. 1995) (stating that "[i]f the Marshals Service could have obtained the new addresses of the defendants with reasonable efforts, the marshals' failure to serve process was 'good cause' for purposes of [Fed. R. Civ. P.] 4(m)," excusing the plaintiff's failure to timely serve the defendants); *Greene v. Holloway*, 210 F.3d 361, 2000 WL 296314, at *1 (4th Cir. 2000) (unpublished table opinion) (reversing district court's decision that service was insufficient after prisoner argued he did all that was required under *Graham* to effect service).

**Motion for Extension of Time Standard**

Under Rule 6(b)(1) of the Federal Rules of Civil Procedure, for good cause, a court may extend the time for an act that may or must be done with a specified period. The court may extend the time after the period has expired if the moving party failed to act because of excusable neglect. Fed. R. Civ. P. 6(b)(1)(B).

## DISCUSSION

Defendants assert they were improperly served because the USMS left the summonses and Complaint with a person who was not authorized to accept service on Defendants' behalf. [Doc. 17-2 at 2, 4–5.] Defendants also contend service was improper because it was not accomplished by any method authorized by Federal Rule of Civil Procedure 4. [*Id.* at 1–4.] In the alternative, Defendants request an extension of time to

respond to the Complaint because there was an excusable delay in their receipt of the Complaint. [*Id.* at 4–7.]

The Court has the discretion to dismiss a case under Rule 12(b)(5) for insufficient service of process. *Reinhold v. Tisdale*, 8:06-3311-MBS-BHH, 2007 WL 2156661, at *3 (D.S.C. Apr. 30, 2007) (citing *Dimensional Comm'ns, Inc. v. OZ Optics, Ltd.*, 218 F. Supp. 2d 653, 655 (D.N.J. 2002)), *report and recommendation adopted by* 2007 WL 2173368 (D.S.C. July 26, 2007). "Ordinarily, dismissal is proper when there is prejudice to the defendant or where proper service is unlikely to be accomplished." *Id.* (citing *Curcuruto v. Cheshire*, 864 F. Supp. 1410, 1411 (S.D. Ga. 1994)). However, absent prejudice to the defendant and when service can be accomplished, courts generally will quash the insufficient service and allow a plaintiff to perfect service. *Id.*

Because Plaintiff has been granted IFP status in this case, service requirements fall to the USMS, which must expend a reasonable investigative effort to locate a defendant once the defendant is properly identified. *See Richardson*, 598 F.3d at 738–40; *Greene*, 210 F.3d 361, 2000 WL 296314, at *1; *Graham*, 51 F.3d at 713. Here, Defendants argue the USMS left the service documents with a person who was not authorized to accept service on behalf of Defendants, and therefore, service has not been perfected pursuant to Rule 4. [Doc. 17-1 at 1–4.] However, Defendants Collins, Hankins, and Garry L. Bryant have averred that they received a copy of the summons and Complaint [Docs. 17-4, 17-5, 17-6], and Defendants' counsel has indicated that he has received authority to accept service on behalf of all Defendants [Doc. 17-2 at 7]. The Court concludes Defendants have failed to articulate or demonstrate how they would be prejudiced by allowing the case

5

to proceed, as Defendants have apparently received notice of the action. *See Karlsson*, 318 F.2d at 668–69; *Reinhold*, 2007 WL 2156661, at *3. Thus, the Court recommends the service of process effected by the USMS on Defendants be considered adequate and Defendants' motion to dismiss for insufficient service of process be denied.

Further, as stated, a court may extend the time for a party to meet a deadline after the deadline has expired if the party failed to meet the deadline because of excusable neglect. *See* Fed. R. Civ. P. 6(b)(1)(B).

> To ascertain whether a delay in filing is excusable, courts must consider "all relevant circumstances surrounding the party's omission." Factors relevant to this inquiry include: "the danger of prejudice to the [nonmovant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay including whether it was within the reasonable control of the movant, and whether the movant acted in good faith."

*Tucker v. Chrysler Credit Corp.*, 149 F.3d 1170, 1998 WL 276266, at *3 (4th Cir. 1998) (per curiam) (alteration in original) (unpublished table decision) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). Here, Defendants contend they have failed to answer within the appropriate time[1] because the improper service led to delays in their receiving notice of the suit and to confusion as to the status of the suit. [*See* Doc. 17-2 at 4–5.] Defendants also argue that there has been a *de minimis* delay in filing the motion now before the Court, they have acted promptly and in good faith, and Plaintiff would not be prejudiced by allowing Defendants an extension of the time to respond because there has been no ruling or filing relating to the merits of this action since the filing of the Complaint. [*Id.* at 6–7.] The Court concludes Defendants have

---

[1] As stated, the summonses were executed on November 19, 2012 [Doc. 16]; therefore, Defendants' answer(s) was due by December 10, 2012.

demonstrated that their failure to timely answer is excusable, and therefore, the Court recommends Defendants be allowed an additional twenty days to answer or otherwise respond to the Complaint.

## **CONCLUSION**

Wherefore, based on the foregoing, the Court recommends Defendants' motion to dismiss be DENIED and motion for extension of time be GRANTED. If the District Court adopts this Court's recommendation, the Court further recommends Defendants be allowed twenty (20) days from the date of adoption to answer or otherwise respond to the Complaint.

IT IS SO RECOMMENDED.

Jacquelyn D. Austin
United States Magistrate Judge

January 3, 2013
Greenville, South Carolina