UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Mauricio E. Weber, ) | | C/A No.: 8:12-cv-02922-GRA |
| a/k/a Esteban M. Weber, ) | | |
| ) | | |
| Plaintiff, ) | | |
| ) | | **ORDER** |
| v. ) | | (Written Opinion) |
| ) | | |
| Arlette Jones, Captain; FNU Ham, ) | | |
| Captain; Garry L. Bryant, Major; FNU ) | | |
| Hankins, Lieutenant; FNU Collins, ) | | |
| Lieutenant, ) | | |
| ) | | |
| Defendants. ) | | |
| _____ ) | | |

This matter comes before the Court for review of Magistrate Judge Jacquelyn D. Austin's Report and Recommendation made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(d), D.S.C., and filed on January 3, 2013. Plaintiff Mauricio E. Webber ("Plaintiff") filed a complaint on October 11, 2012, pursuant to 42 U.S.C. § 1983. Defendants filed a Motion to Dismiss and in the alternative, a Motion for Extension of Time to File Answer on December 19, 2012. ECF No. 17. Under established local procedure in this judicial district, Magistrate Judge Austin made a careful review of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. §§ 1915 & 1915A and the Prison Litigation Reform Act, Pub. L. No. 104–34, 110 Stat. 1321 (1996). Magistrate Judge Austin recommends that this Court deny Defendants' Motion to Dismiss, and grant Defendants' Motion for Extension of Time. Plaintiff filed a timely Objection to the Magistrate Judge's Report and Recommendation on January 18, 2013, and Defendants filed a reply to the Objection on January 22, 2013. ECF Nos. 29 & 31. This Court adopts the Report and Recommendation in its entirety.

**Standard of Review**

Plaintiff brings this claim *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982). A court may not construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411 (7th Cir.1993), nor is a district court required to recognize "obscure or extravagant claims defying the most concerted efforts to unravel them." *Beaudett v. City of Hampton*, 77 F.2d 1274, 1277 (4th Cir.1985), *cert. denied*, 475 U.S. 1088 (1986).

The magistrate makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Matthews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Accordingly, this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1).

In order for objections to be considered by a United States District Judge, the objections must be timely filed and must specifically identify the portions of the Report and Recommendation to which the party objects and the basis for the objections. Fed. R. Civ. P. 72(b); *see United States v. Schronce*, 727 F.2d 91, 94 n.4 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841, 845–47 nn.1–3 (4th Cir. 1985). "Courts have . . . held *de novo* review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed

findings and recommendation." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Furthermore, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 1999 (4th Cir. 1983).

## Discussion

Plaintiff is a state prisoner currently incarcerated at Anderson County Detention Center. He filed a complaint pursuant to 42 U.S.C. § 1983 against Defendants Arlette Jones, FNU Ham, Garry L. Bryant, FNU Hankins, and FNU Collins ("Defendants") on October 11, 2012, alleging that his constitutional rights have been violated. Pl.'s Compl., ECF No. 1. Defendants moved to dismiss the action under Federal Rule of Civil Procedure 12(b)(5) for insufficient service of process. ECF No. 17. Alternatively, Defendants moved for an extension of time to file an answer to Plaintiff's Complaint. ECF No. 17. Magistrate Judge Austin recommends that this Court deny Defendants' Motion to Dismiss, because they have received actual notice of the suit and have failed to demonstrate how they will be prejudiced if the Court allows the action to proceed. Report and Recommendation 5–6, ECF No. 20. The Magistrate Judge further recommends that the Defendants' Motion for an Extension of Time be granted, because the failure to file an answer on time was due to excusable neglect. Report and Recommendation 6–7, ECF No. 20.

In his Objection to the Report and Recommendation, Plaintiff specifically objects to the Magistrate Judge's recommendation that Defendants' Motion for an Extension of Time be granted. Plaintiff contends that "Defendants submitted affidavits in bad faith." He states that he would be prejudiced if the Motion is granted because "the Court will be setting bad precedent, and opening the flood gates for these defendants to cause his case and other cases that are forthcoming significant prejudice." Pl.'s Objection, ECF No. 29.

In the Reply to Plaintiff's Objection to the Report and Recommendation, Defendants argue that the referenced affidavits are true and that Plaintiff's objections "have no relevance to this matter." Defs.' Reply, ECF No. 31.

Under the Federal Rules of Civil Procedure, a District Court may grant an extension of time after the time to act has expired "on motion . . . if the party failed to act because of excusable neglect." Fed. R. Civ. Proc. 6(b)(1). In the Motion for Extension of Time, Defendants argue that the delay is excusable because they did not receive proper notice of the action, and that they have acted in good faith. Def.'s Mot., ECF No. 17-1. An answer to the Complaint was due on December 10, 2012, and Defendants filed the answer on January 22, 2013. *See* ECF Nos. 16 & 33. To determine whether the delay is excusable, a court looks to: "[1]danger of prejudice to the [opposing party], [2] the length of delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4]whether the movant acted in good faith." *Gaskins v. BFI Waste Services, LLC*, 281 F. App'x 255, 260 (4th Cir. 2008) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). In this case, Defendants have shown that the reason for the delay was not within their reasonable control, that they acted in good faith, and that the delay has not prejudiced Plaintiff or unreasonably delayed judicial proceedings. The Court finds that the delay is excusable, and that Plaintiff's objections to the Report and Recommendation are without merit.

## **Conclusion**

After a review of the record, this Court finds that the Magistrate Judge's Report and Recommendation accurately summarizes this case and the applicable law. Accordingly, the Report and Recommendation is accepted and adopted in its entirety.

**IT IS THEREFORE ORDERED** that Defendants' Motion for an Extension of Time is GRANTED and that Defendants' Motion to Dismiss is DENIED.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Stay Defendants' Motion to Dismiss and Defendants' Motion for Extension of Time is DISMISSED as moot.

**IT IS SO ORDERED.**

G. Ross Anderson, Jr.
Senior United States District Judge

January 28 , 2013
Anderson, South Carolina