IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Mauricio E. Weber, ) | |
| ) | C/A No. 8:12-2922-TMC |
| Plaintiff, ) | |
| ) | |
| v. ) | **AMENDED OPINION & ORDER** |
| ) | |
| Arlette Jones, FNU Ham, ) | |
| Garry L. Bryant, FNU Hankins, ) | |
| FNU Collins, in their individual ) | |
| and official capacities, ) | |
| ) | |
| Defendants. ) | |

Plaintiff Mauricio E. Weber ("Weber"), proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983. Defendants filed a motion for summary judgment. (ECF No. 40). Weber filed a response opposing the motion. (ECF No. 54). On January 27, 2014, the magistrate judge filed a Report and Recommendation ("Report") in which she recommended that Defendants' Summary Judgment Motion be granted. (ECF No. 62). Weber timely filed objections (ECF No. 64) and Defendants filed a reply to those objections (ECF No. 67).

The magistrate judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is obligated to conduct a de novo review of every portion of the magistrate judge's report to which objections have been filed. *Id.* However, the court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the

court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the magistrate judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

### I. Facts/Background[1]

The magistrate judge summarizes the facts and background of this case in her Report. Briefly, Weber is a pretrial detainee who has been incarcerated in the Anderson County Detention Center ("ACDC") since August 11, 2010. On September 30, 2010, Weber was disciplined following a search of his cell and the discovery of a pen. He was placed on lockdown until October 13, 2010. On lockdown, while Weber remained in the same cell, he was not allowed recreation time and he was denied phone, visitation, and canteen privileges.

### II. Standard of Review

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). In deciding whether a genuine issue of material fact exists, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in his favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. A litigant "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate." *Monahan v.*

---

[1]These facts are recited in the light most favorable to Weber for the purposes of this summary judgment motion.

2

*County of Chesterfield*, 95 F.3d 1263, 1265 (4th Cir. 1996).

### III. Discussion

Weber raises numerous objections to the Report regarding the magistrate judge's recommendation on the racial discrimination and conditions of confinement claims, and whether the claims are barred by Eleventh Amendment Immunity or qualified immunity.

In his objections, Weber first contends that the magistrate judge erred by referring to incidents prior to September 10, 2010. (Objections at 2). In their motion for summary judgment, Defendants argue that some of Weber's claims date back to 2001, and are barred by the statute of limitations. (ECF No. 40 at 4). Weber contends he is seeking relief only for the incidents following his September 10, 2010 cell search and subsequent deprivations.[2] The magistrate judge specifically stated that "while the Court agrees that any claims arising before October 9, 2009 would be time barred, [Weber's] claims for relief involve facts from his 2010 detention onward and thus are not barred." (Report at 2 n. 1). As the magistrate judge did not recommend that any claim relating to the September 10, 2010 lockdown be found barred by the statute of limitations, Weber's objection is meritless inasmuch as he has not demonstrated any specific prejudice caused by the alleged error.

**A. Racial Discrimination Claims**

In his objections, Weber contends that the magistrate judge erred by finding Weber failed to state a claim of racial discrimination. (Objections at 3). In his Complaint, Weber alleges he was placed on lockdown status until further notice after a ink pen was discovered during a search of his cell on September 10, 2010. (Compl. ¶ 70).[3] He alleges that pornography was found in

---

[2]Weber also raises a separate objection alleging the magistrate judge is biased based upon the Report's references to Weber being placed on lockdown during a different period. (Objection 27-30). The court addresses this objection below.

[3]Defendants dispute Weber was placed on lockdown for the contraband violation. (ECF No. 40-4 ¶¶ 2-3). However, the court assumes he was placed on lockdown for the purposes of

3

another inmate's cell on the same date and that inmate was given only three days lockdown time. (Conmpl. 71).  In his objections, Weber now contends that on September 30, 2010, "a rope, etc." was found in the cell of a fellow inmate, Johnny Lee Mackey ("Mackey"), and Mackey was not placed on lockdown,.  (Objections at 5).

"The Equal Protection Clause generally requires the government to treat similarly situated people alike." *City of Cleburne v. Cleburne Living Ctr., Inc.*, 473 U.S. 432, 439 (1985). To show that his equal protection rights were violated, Weber must demonstrate that he was treated differently than similarly situated inmates, that the discrimination was intentional or purposeful, and that the disparity cannot be justified by any valid prison or security interest. *See Morrison v. Garraghty*, 239 F.3d 648, 654 (4th Cir. 2001). First, as the magistrate judge noted, Weber's conclusory allegations, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir.1985), overruled on other grounds, 490 U.S. 228 (1989).  Additionally, Weber has failed to allege that he is being treated differently from similarly situated inmates and that any alleged disparity cannot be justified by a valid prison or security interest.

**B. Condition of Confinement Claims**

Weber objects to the magistrate judge's conclusion that Weber's conditions of confinement claim is barred because he has failed to allege any serious physical or mental injury resulting from the conditions of his confinement as required by 42 U.S.C. § 1997e(e).  He contends that he is seeking only punitive relief which is not barred by § 1997e(e). (Objections at 10).

Section 1997e(e) provides that absent a showing of physical injury, an inmate is barred from seeking compensatory damages in all federal civil actions alleging constitutional violations

---

this summary judgment motion.

for mental or emotional injuries. *Jones v. Price*, 696 F.Supp.2d 618, 624 (N.D.W.Va.2010). Although the Fourth Circuit has not addressed the issue of § 1997e(e)'s limitations on recovery for constitutional violations, several district courts that have considered this issue have held that the absence of a physical injury does not bar nominal or punitive damages. *See McKinney v. Johnson*, C/A No. 2:09-1353-JFA-RSC, 2010 WL 3463110 (D.S.C. Sept. 2, 2010); *Green v. Padula*, C/A No. 9:07-028-MC-CK, 2007 WL 895484 (D.S.C. March 21, 2007). Nonetheless, as the magistrate judge alternatively found, Weber has failed to state a conditions of confinement claim.

Claims concerning conditions of confinement imposed upon pretrial detainees are examined under the Due Process Clause of the Fourteenth Amendment as opposed to the cruel and unusual punishment prohibition of the Eighth Amendment, which applies to convicted inmates. *Bell v. Wolfish*, 441 U.S. 520, 535-38 (1979).[4] As a pretrial detainee, Weber has a due process right against restrictions that amount to punishment. *Id.* at 535. However, conditions of confinement that are imposed for, and reasonably related to, a legitimate government interest do not amount to punishment. *Id.* at 538–39. "[N]ot every hardship encountered during pretrial detention amounts to 'punishment' in the constitutional sense." *Hill*, 979 F.2d at 991 (*citing Bell*, 441 U.S. at 537). "[A] court must decide whether the disability is imposed for the purpose of punishment or whether it is but an incident of some other legitimate governmental purpose." *Id.* at 538. In considering this issue, it is important to remember that "maintaining institutional security and preserving internal order and discipline are essential goals that may require

---

[4] Due to his pre-trial detainee status, Plaintiff's constitutional claims are analyzed under the Due Process Clause of the Fourteenth Amendment, rather than the Eighth Amendment. However, as a practical matter, courts do not distinguish between the Eighth and Fourteenth Amendments in the context of a pre-trial detainee's §1983 claim. *See Hill v. Nicodemus*, 979 F.2d 987, 990-92 (4th Cir. 1992).

limitation or retraction of the retained constitutional rights of both convicted prisoners and pretrial detainees." *Id.* at 546.

To establish that a condition or restriction of confinement is constitutionally impermissible "punishment," a pretrial detainee must show "either that it was (1) imposed with an expressed intent to punish or (2) not reasonably related to a legitimate nonpunitive governmental objective, in which case an intent to punish may be inferred." *Martin v. Gentile*, 849 F.2d 863, 870 (4th Cir. 1988) (*citing Bell v. Wolfish*, 441 U.S. 520, 538-40 (1979)). The objective prong of a conditions claim requires proof of an injury. *Strickler v. Waters*, 989 F.2d 1375, 1381 (4th Cir.1993). And "[o]nly an extreme deprivation, that is, a 'serious or significant physical or emotional injury resulting from the challenged conditions,' or substantial risk thereof, will satisfy the objective component of an Eighth Amendment claim challenging the conditions of confinement." *De'lonta v. Johnson*, 708 F.3d 520, 525 (4th Cir. 2013).

Placement on lockdown conditions to maintain prison security falls within the ambit of restrictive conditions that are constitutionally permissible. *Vance v. Shearin*, C/A No. ELH-14-272 (D. Md. Feb. 4, 2014) ("Plaintiff's inability to participate in recreation or to take showers more than once every week, while harsh, are not conditions that amount to cruel and unusual punishment, particularly where there is no resultant injury alleged.").[5]  Weber has not presented

---

[5]In his objections, Weber states simply because Defendants Hankins and Collins in their affidavits state that they do not recall placing Weber on lockdown, the court should not assume Weber was not placed on lockdown on September 30, 2010. (Objections at 12-15). The court assumes for the purposes of ruling on Defendants' Summary Judgment Motion that Weber was placed on lockdown as he alleges in his Complaint. Further, the court notes that Weber in his objections argues that if he has presented conflicting evidence on any issue which Defendant Jones attest to in her affidavit, "the court must conclude that the rest of [Defendant Jones'] averments are false and enter judgment against Defendant Jones." (Objections at 16). This is simply not the appropriate standard for summary judgment. *See   United States v. Miscellaneous Jewelry*, 667 F.Supp. 232, 233 n. 2 (D.Md.1987) ( "[C]laimant seemed to indirectly question the accuracy and reliability of the deposition testimony of Officer Harwood relied on in part by the Government regarding the issue of probable cause. An unspecified hope of undermining the credibility of a deponent does not suffice to avert summary judgment unless other evidence about the deponents' credibility raises a genuine issue of material fact.").

any evidence to show that he suffered any constitutional deprivation due to the conditions of his confinement during the thirteen days he was on lockdown.

### C. Eleventh Amendment Immunity

Weber objects to the magistrate judge's recommendation that the claims against Defendants in their official capacities are barred by the Eleventh Amendment and should be dismissed. Weber contends that he has brought claims against the Defendants in their official capacities for injunctive relief only. (Objections at 20). Weber then points out in his objections, the injunctive relief he sought in his Complaint is now moot. (Objections at 20). Accordingly, this objection is without merit. And, in any event, in her Report, the magistrate correctly states, the Eleventh Amendment immunity protects state officials sued in their official capacities from liability for monetary damages. (Report at 19).

### D. Qualified Immunity

Weber also objects to the magistrate judge's recommendation that the court find Defendants are entitled to qualified immunity. (Objections at 19-24). Defendants are entitled to qualified immunity as their conduct did not violate any clearly established constitutional or statutory rights of which a reasonable person should have known. Qualified immunity protects government officials performing discretionary functions from civil damage suits as long as the conduct in question does not "violate clearly established rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). This qualified immunity is lost if an official violates a constitutional or statutory right of the plaintiff that was clearly established at the time of the alleged violation so that an objectively reasonable official in the defendant's position would have known of it. *Id.* In addressing qualified immunity, the United States Supreme Court has held that "a court must first determine whether the plaintiff has alleged the deprivation of an actual constitutional right at all and, if so, proceed to determine whether that right was clearly established at the time of the alleged violation." *Wilson v. Layne*, 526 U.S.

603, 609 (1999). As discussed above, Weber has failed to show that Defendants violated any of his constitutional rights in regard to most of his claims. Accordingly, Defendants are entitled to qualified immunity on all the claims except the claim alleging a deprivation of due process rights, as discussed below.

### D. Claim Regarding Deprivation of Due Process Rights

In her Report, the magistrate judge summarizes the claims raised by Weber in his Complaint as follows: "deprivation of his due process rights because he has been placed in punitive segregation without notice or a hearing, deprivation of his constitutional rights because he is not allowed outdoor exercise, phone calls, or mail access, deprivation of appropriate grievance procedures and race discrimination." (Report at 1). The magistrate judge then discusses each claim in more detail, except the deprivation of due process rights claim. In his objections, Weber does not specifically complain that the magistrate judge failed to address this claim. However, he does argue numerous times that he was placed on lockdown without disciplinary charges or a hearing. (Objections at 2, 9, 11, 23, 24, 28). Because the magistrate did not address the deprivation of due process claim, the court will review it now.

Courts have held that "[a] pretrial detainee cannot be placed in segregation as a punishment for a disciplinary infraction without notice and an opportunity to be heard; due process requires no less." *Higgs v. Carver*, 286 F.3d 437, 438 (7th Cir. 2002); *see also Mitchell v. Dupnils*, 75 F.3d 517, 524 (9th Cir.1996) (holding that a pre-trial detainee who is placed in disciplinary segregation as punishment has a right to a due process hearing). Defendants Hankins and Collins have submitted affidavits stating that they do not recall placing Weber on lockdown on September 30, 2010. (ECF Nos. 40-4 at ¶¶ 2-3; 40-5 at ¶ 2). In response, Weber has filed a declaration stating he was placed on lockdown on September 30, 2010, and not provided a hearing. Weber has filed a copy of a grievance which he filed on October 10, 2010, in which he complains about being placed on lockdown on September 30th without being formally charged or

afforded a disciplinary hearing. (ECF no. 54-9). Captain Jones responded to the grievance as follows: "Removed from lockdown on 10/13/10. Remember when an officer tells you that you are on lockdown it is for a reason, not to avoid performance of their duties." *Id.*

Viewing the evidence in a light most favorable to Weber, the court finds that there exists a genuine issue of material fact as whether Weber was placed on lockdown and afforded the proper due process, which precludes the granting of summary judgment on this claim. Accordingly, the court denies Defendants Hankins and Collins summary judgement on Weber's deprivation of due process claim.

### F. Other Allegations

Finally, Weber contends the Defendants and their attorney have attempted to destroy his presumption of innocence. (Objections at 27). Weber states that Defendants' attorney "used some really nasty tactics throughout the course of this case and the other case pending before the court." *Id*. Weber specifically alleges Defendants and their attorney have made malicious comments about him in an effort "to persuade the court and public to see [him] in an evil light." *Id.* He refers to their reference to Weber "awaiting trial on a charge of murder for killing his girlfriend." *Id*. Weber concludes that the magistrate judge recommends granting summary judgment to shield Defendants and their attorney from liability. (Objections at 30).

These are not proper objections to the Report. And in any event, Weber offers no support for any of these allegations. First, Defendants and their attorney's statement regarding what Weber has been charged with in state court could not destroy his presumption of innocence. Weber has been charged with the murder of his girlfriend and the jury in his state criminal trial will be informed of the charges against him. Weber also alleges that the magistrate judge is biased against him based upon the magistrate judge's misinterpretation of the allegations in his Complaint. Weber contends that in his Complaint, he raises allegations about only the thirteen days he was placed on lockdown in September 2010, and the magistrate judge erred in

9

construing his claim as one for a longer period. First, the court does not fault the magistrate judge for construing the claim as she did. In the 33-page Complaint, there are numerous references to other time periods, and Weber specifically alleges that he "has spent his entire detention subjected to punitive conditions so extreme and enduring . . . ." (Compl. ¶¶ 10-31, 33). Moreover, Weber's allegation that the magistrate judge's recommendation was biased amounts to no more than unsupported speculation. "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). *See also Duplan Corp. v. Deering Milliken, Inc.*, 400 F.Supp. 497, 514 (D.S.C. 1975) (stating, in the context of a recusal motion, that bias and prejudice of a trial judge "must be based on something other than rulings in the particular case or the words the judge uses in setting forth his rulings").

### IV. Conclusion

Based on the foregoing, Defendants' Summary Judgment Motion (ECF No. 40) is **GRANTED in part and DENIED in part.** Summary judgment is granted on all claims, except Plaintiff's deprivation of due process claim against Defendants Hankins and Collins.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

March 27, 2014
Anderson, South Carolina


### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.